JENNIFER A. MORIN, State Bar No. 234925
jmorin@wfbm.com
WFBM, LLP
Attorneys at Law
19900 MacArthur Blvd., Suite 1150
Irvine, California 92612-2445
Telephone: (714) 634-2522
Facsimile: (714) 634-0686

SHAKIRA L. JOHNSON, State Bar No. 270787
sjohnson@wfbm.com
WFBM, LLP
445 S. Figueroa Street, Suite 3100
Los Angeles, California 90071
Telephone: (213) 489-4820
Facsimile: (213) 489-4015

Attorneys for Defendant
KOLE TRUCKING LLC

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

LUZ GABRIELA AGUAYO, an Individual,

Plaintiff,

v.

KOLE TRUCKING LLC, a Limited Liability Company, GUY ALLEN RUNYON, an Individual, DENNIS DIETZ, an Individual, and DOES 1 through 25, Inclusive,

Defendants.

Case No.

[Los Angeles Superior Court Case No. 22STCV11136]

**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT 28 U.S.C. SECTIONS 1332 AND 1442 (DIVERSITY); AND DECLARATION OF SHAKIRA L. JOHNSON**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. section 1441, Defendant KOLE TRUCKING LLC ("Defendant") removes the state court action described below to this Court. The grounds for removal are as follows:

1. On April 1, 2022, Plaintiff Luz Gabriela Aguayo ("Plaintiff") commenced an action against Kole Trucking LLC ("Kole Trucking"), Guy Allen Runyon ("Runyon") and Dennis Dietz ("Dietz"), (collectively "Defendants") in the California Superior Court for the County of Los Angeles, entitled *Luz Gabriela Aguayo v. Kole Trucking LLC et al.*, Case No. 22STCV11136. A true and correct copy of the Complaint received by Defendants in the state court action is attached as Exhibit A to the Declaration of Shakira L. Johnson.

2. Plaintiff served Guy Allen Runyon and Kole Trucking with the Complaint and Summons on April 11, 2022 and April 12, 2022, respectively. Plaintiff has not served Dietz. This Notice of Removal is filed within 30 days from the date upon which Kole Trucking and Runyon were served, and is within the time for removal provided by law. *See* 28 U.S.C. § 1446(b)(2)(B).

3. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. Section 1441, in that it is an action in which the amount in controversy exceeds $75,000 and Plaintiff and Defendants are citizens of different states.

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

**AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

4. This action is one which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and the entire action is subject to removal under 28 U.S.C. section 1441(b) on the following grounds: the parties, named and served, are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff's Complaint alleges one cause of action against Defendants, claiming defendant Runyon negligently operated his vehicle, causing the accident at issue between Plaintiff and Defendants. As such, Plaintiff seeks general and special damages sustained by Plaintiff, economic damages, and property damages of an unspecified amount.

5. A defendant may remove a case to federal court, if it is "facially apparent"

from the allegations of the complaint that the amount in controversy will exceed $75,000.00. 28 U.S.C. 1446(c)(2); *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (holding that it was "facially apparent" that the amount in controversy requirement was satisfied where the complaint contained wrongful termination allegations showing a lengthy list of compensatory damages). Defendants anticipate that Plaintiff plans on making a demand for policy limits, which exceeds $75,000. While the exact amount Plaintiff currently seeks is not presently known, it is believed to be in excess of the minimum jurisdictional. It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount.

**DIVERSITY OF CITIZENSHIP EXISTS**

6. There is complete diversity between Plaintiff and Defendants.

7. For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.' 28 U.S.C § 1332 (c)(1)." *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009). To determine a corporation's principal place of business, Federal courts must utilize the "nerve center" test, a corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id*. Per the United States Supreme Court, a corporation's nerve center "should normally be the place where the corporation maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination." *Id*.

8. Based on information and belief, Plaintiff, at the time of filing the state court action, was and still is residing in the County of Los Angeles, State of California.

9. Defendant Kole Trucking, at the time of filing the state court action, was and still is, a Limited Liability Company organized under the laws of North Carolina, with its principal place of business located at 1505 Turring Drive, Suite C,

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

Indian Trail, NC 28079. Declaration of Shakira L. Johnson, ¶ 4.

10. Defendant Runyon, at the time of filing the state court action, upon information and belief, was and still is, residing in Russellville, TN and is a citizen of the state of Tennessee. Declaration of Shakira L. Johnson, ¶ 5.

11. Defendant Dennis Dietz has not been served with Plaintiff's Complaint. However, Dietz Trucking LLC, the legal entity for defendant Dietz, at the time of filing the state court action, was and still is, a Limited Liability Company organized under the laws of Nebraska, with its principal place of business located at 9260 E. 100th Street, Kearney, NE 68847-5369. Declaration of Shakira L. Johnson, ¶ 6.

12. Accordingly, the diversity of citizenship requirement under 28 U.S.C. Section 1332 is satisfied.

**FICTITIOUS DOE DEFENDANTS**

13. Defendant Does 1 through 25, Inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. The naming of said fictitious defendants does not destroy the diversity of citizenship between the parties in this action and is to be disregarded. 28 U.S.C. §1441(b)(1); *Newcombe v. Adolf Coors Co.* (9th Cir. 1998) 157 F.3d 686, 690-91. Further, 28 U.S.C. section 1441(b)(2) permits removal based on diversity only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. §1441(b)(2). Thus, the citizenship of a defendant who has not been served, such as Does 1 through 25, Inclusive, can be ignored for purposes of determining whether diversity jurisdiction exists. *Republic Western Ins. Co. v. International Ins. Co.* (N.D. Cal. 1991) 765 F.Supp. 628, 629. Here, no defendants other than Kole Trucking and Runyon have been served at the time of the filing of the instant removal. Accordingly, the mere fact the Complaint references fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

14. The attached exhibit constitute all processes, pleadings, and orders served

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

upon Defendants in this matter.

**OTHER REQUIREMENTS OF REMOVAL ARE MET**

15. This Notice of Removal is being filed within 30 days of the service becoming effective on Kole Trucking receiving a copy of a pleading, motion, or order from which it first may be ascertained that the case has become removable. Removal is also timely because this Notice of Removal is filed not more than one year after the action was commenced in the state court. Thus, this Notice of Removal is timely filed under 28 U.S.C. section 1446(b).

16. Because complete diversity exists between Plaintiff and Defendants, and the amount in controversy allegedly exceeds the jurisdictional amount set by 28 U.S.C. section 1332, this Court is vested with subject matter jurisdiction over this action.

17. Removal to this Court is also proper under 28 U.S.C. section 1441(a) because the California Superior Court for the County of Los Angeles is geographically located within this Court's district.

18. Counsel for Defendant certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, and give notice of the removal to counsel for Plaintiff.

WHEREFORE, Defendants pray this action be removed to the United States District Court for the Central District of California.

Dated: May 6, 2022

WFBM, LLP

By: [signature]

JENNIFER A. MORIN
SHAKIRA L. JOHNSON
Attorneys for Defendant
KOLE TRUCKING LLC

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

**DECLARATION OF SHAKIRA L. JOHNSON**

I, Shakira L. Johnson, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a senior associate with WFBM, LLP, attorneys of record for Defendant KOLE TRUCKING LLC. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of Notice of Removal of Civil Action to the United States District Court Under 28 U.S.C. Sections 1332 and 1442 (Diversity); and Declaration of Shakira L. Johnson.

2. On April 1, 2022, Plaintiff Luz Gabriela Aguayo ("Plaintiff") commenced an action against Kole Trucking LLC ("Kole Trucking"), Guy Allen Runyon ("Runyon") and Dennis Dietz ("Dietz"), (collectively "Defendants") in the California Superior Court for the County of Los Angeles, entitled *Luz Gabriela Aguayo v. Kole Trucking LLC et al.*, Case No. 22STCV11136. A true and correct copy of the Complaint received by Defendants in the state court action is attached as Exhibit A.

3. Guy Allen Runyon and Kole Trucking were served with the Complaint and Summons on April 11, 2022 and April 12, 2022, respectively.

4. Kole Trucking, at the time of filing the state court action, was and still is, a Limited Liability Company organized under the laws of North Carolina, with its principal place of business located at 1505 Turring Drive, Suite C, Indian Trail, NC 28079.

5. Runyon, at the time of filing the state court action, upon information and belief, was and still is, residing in Russellville, TN and is a citizen of the state of Tennessee.

6. Dennis Dietz has not been served with Plaintiff's Complaint. However, Dietz Trucking LLC, the legal entity for defendant Dietz, at the time of filing the state court action, was and still is, a Limited Liability Company organized under the

laws of Nebraska, with its principal place of business located at 9260 E. 100th Street, Kearney, NE 68847-5369.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 6th day of May, 2022, at Pasadena, California.

Shakira L. Johnson

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

# EXHIBIT A



Electronically FILED by Superior Court of California, County of Los Angeles on 04/01/2022 10:26 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
22STCV11136
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Daniel Crowley

**ALDERLAW, PC**
Michael Alder, Esq. (SBN 170381)
Breanna K. Martinez, Esq. (SBN 340261)
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607
Tel: (310) 275-9131
Fax: (310) 275-9132
cmalder@alderlaw.com
bmartinez@alderlaw.com

**TOFER & ASSOCIATES**
Sara Martinez, Esq. (SBN 322655)
707 Wilshire Blvd. 46th Floor
Los Angeles, CA 90017
Tel: (213) 955-9500
sara@toferlaw.com

Attorneys for Plaintiff,
LUZ AGUAYO

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LUZ GABRIELA AGUAYO, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>KOLE TRUCKING LLC, a Limited Liability Company, GUY ALLEN RUNYON, an Individual, DENNIS DIETZ, an Individual, and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO.: 22STCV11136<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. NEGLIGENCE**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

**Alder Law, P.C.**
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

COMES NOW Plaintiff, LUZ GABRIELA AGUAYO, an individual, for causes of action against Defendant, KOLE TRUCKING LLC, a limited liability company, Defendant, GUY ALLEN RUNYON, an individual, Defendant, DENNIS DIETZ, an Individual, and DOES 1 through 25, inclusive, allege:

**PARTIES**

1. Plaintiff LUZ GABRIELA AGUAYO ("AGUAYO" or "PLAINTIFF"), an individual, is and at all times mentioned herein was a resident of the County of Los Angeles, State of California.

2. Plaintiff AGUAYO is informed and believes, and based thereon alleges, that Defendant KOLE TRUCKING LLC ("KOLE" or "DEFENDANT") is a limited liability company registered in the State of North Carolina and doing business in the County of Los Angeles, State of California.

3. Plaintiff AGUAYO is informed and believes, and based thereon alleges, that Defendant GUY ALLEN RUNYON ("RUNYON" or "DEFENDANT") is and at all times mentioned herein was a resident of the County of Hamblen, State of Tennessee.

4. Plaintiff AGUAYO is informed and believes, and based thereon alleges, that Defendant DENNIS DIETZ ("DIETZ" or "DEFENDANT") is and at all times mentioned herein was a resident of County of Harlan, State of Nebraska.

5. Plaintiff AGUAYO is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendant RUNYON was the driver of a 2016 Freightliner Cascadia (Nebraska license number 202846), with a trailer bearing Nebraska license number 266708 ("SUBJECT VEHICLE").

6. Plaintiff AGUAYO is informed and believes, and based thereon alleges, that at all times relevant hereto Defendant DIETZ was the registered owner of the SUBJECT VEHICLE.

7. At all times relevant hereto, Plaintiff AGUAYO was the driver of a 2016 Toyota Corolla (California license number 7ROA444) ("PLAINTIFF VEHICLE").

///

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

8. The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1 through 25, inclusive, are unknown to Plaintiff AGUAYO who therefore sues said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants is unknown to Plaintiff AGUAYO. Plaintiff AGUAYO is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE was, and is negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiff AGUAYO. Plaintiff AGUAYO will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

9. Plaintiff AGUAYO is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE was negligent and guilty of the same conduct as the other Defendants, and is responsible in some manner for the events and happenings herein referred to, and that their negligence proximately caused the injuries and damages sustained by Plaintiff AGUAYO as herein alleged, either through such Defendants' own negligent conduct or through the conduct of their agents, servants, and/or employees or due to their ownership, control, rental, use, sale, design, maintenance, repair, construction, manufacture, and/or lease of the SUBJECT VEHICLE by which Plaintiff's injuries were caused, or in some other manner.

10. Plaintiff AGUAYO is informed and believes, and based thereon alleges, that at all times herein mentioned, each of the Defendants named herein, including each DOE Defendant, was the agent, servant, partner, and/or employee of the remaining Defendants, and was at all such times acting within the purpose and scope of said such agency, service, partnership and/or employment, unless otherwise stated.

**VENUE**

11. Venue is proper because the place of injury and loss occurred within the County of Los Angeles.

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

12. Venue is proper because this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

**(By Plaintiffs Against All Defendants, and DOES 1 through 25, Inclusive)**

13. This lawsuit arises out of an incident that occurred on or about August 8, 2020, at approximately 4:20 p.m. on the SR-60 westbound, approximately 650 feet west of Peck Rd., in the City of South El Monte, County of Los Angeles, State of California ("SUBJECT COLLISION").

14. Defendant RUNYON was driving the SUBJECT VEHICLE on SR-60 westbound, in between the #4 and #5 lane, at approximately 10 mph, behind and to the left of the PLAINTIFF VEHICLE.

15. Plaintiff AGUAYO was driving the PLAINTIFF VEHICLE on SR-60 westbound, in the #5 lane, to the front and right of SUBJECT VEHICLE at a slower rate of speed.

16. Plaintiff AGUAYO began to slow for slowed and/or stopped traffic ahead.

17. Defendant RUNYON then so carelessly and negligently failed to observe slowing and/or stopping traffic ahead of him and continued driving between the #4 and #5 lane.

18. Defendant RUNYON then caused the right side of the SUBJECT VEHICLE to collide with the left side of the PLAINTIFF VEHICLE.

19. At the time of the SUBJECT COLLISION, Defendant RUNYON was driving in violation of section California Vehicle Code §22350, which states in part that "no person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property." Cal. Veh. Code § 22350.

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

20. Defendants KOLE, RUNYON, DIETZ, and DOES 1 through 25, and each of their actions were a substantial factor in causing the SUBJECT COLLISION and injuries to Plaintiff AGUAYO.

21. Defendant KOLE, RUNYON, DIETZ, and DOES 1 through 25, inclusive, had a duty to exercise reasonable care in driving the SUBJECT VEHICLE, including but not limited to keeping a lookout for other vehicles, controlling the speed and movement of their vehicle, and yielding to slowed and/or stopped traffic ahead. Defendants KOLE, RUNYON, DIETZ, and DOES 1 through 25, inclusive, were negligent in failing to exercise said reasonable care prior to, and at the time of, the SUBJECT COLLISION as described herein.

22. Defendants KOLE, RUNYON, DIETZ, and DOES 1 through 25, inclusive, had a duty to own, operate, drive, entrust, manage, control, service, repair, inspect, and/or maintain the SUBJECT VEHICLE with the ordinary care and skill necessary to avoid causing harm and/or injury to others such as Plaintiff AGUAYO.

23. Defendants KOLE, RUNYON, DIETZ, and DOES 1 through 25, inclusive, and each of them, breached said duty when they negligently owned, operated, leased, drove, entrusted, managed, maintained, controlled, serviced, repaired and/or inspected the SUBJECT VEHICLE.

24. Defendant RUNYON breached said duty when he failed to yield to slowed and/or stopped traffic ahead and caused the SUBJECT COLLISION.

25. Defendant RUNYON further breached said duty and was negligent per se by operating the SUBJECT VEHICLE in violation of relevant codes and/or statutes, including but not limited to California Vehicle Code §22350.

26. Plaintiff AGUAYO is a member of the class of persons these Vehicle Code sections were designed to protect and Plaintiff's serious injuries resulted directly from an occurrence which the specified Vehicle Code sections were designed to prevent. California Vehicle Code § 22350 was enacted to protect members of the public, including Plaintiff AGUAYO, against the significant and well-known risk of automobile accidents

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

(including the risk of serious injury and/or death) associated with drivers failing to yield to slowed and/or stopped traffic ahead.

27. Defendants KOLE, RUNYON, DIETZ, and DOES 1 through 25, and each of their breach of their duties to Plaintiff AGUAYO, was a direct, proximate, and legal cause of serious and permanent harm to Plaintiff AGUAYO.

28. As a direct, proximate, and legal result of the negligent, careless, and unlawful conduct of Defendant KOLE, RUNYON, DIETZ, and DOES 1 through 25, inclusive, Plaintiff AGUAYO sustained severe bodily injuries. As a result thereof, Plaintiff AGUAYO has had, and in the future will have, pain and suffering. By reason of said injuries and consequences, Plaintiff AGUAYO has sustained general and special damages in a sum to be proven at the time of trial.

29. As a direct, proximate, and legal result of the negligent, careless, and unlawful conduct of Defendants KOLE, RUNYON, DIETZ, and DOES 1 through 25, inclusive, and by reason of said injuries and consequences caused by the same, Plaintiff AGUAYO has incurred medical and related expenses, and Plaintiff AGUAYO will require further additional medical and related expenses in the future.

///

///

///

///

///

///

///

///

///

///

///

///

**Alder Law, P.C.**
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff AGUAYO prays for judgment against Defendants KOLE, RUNYON, DIETZ, and DOES 1 through 25, inclusive, as follows:

1. For general damages according to proof as against all Defendants;
2. For economic damages according to proof against all Defendants;
4. For interest as allowed by law;
5. For costs of the suit incurred herein; and
6. For such other and further relief as the court deems just and proper.

DATED: March 31, 2022

**ALDERLAW, PC**

By:____________________

Michael Alder, Esq.
Breanna K. Martinez, Esq.
Attorneys for Plaintiff
LUZ GABRIELA AGUAYO

**Alder Law, P.C.**
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

**Alder Law, P.C.**
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

**DEMAND FOR JURY TRIAL**

Plaintiff AGUAYO hereby demand, as a matter of right, trial by jury in this case on all causes of action.

DATED: March 31, 2022

**ALDERLAW, PC**

By:______________________________
Michael Alder, Esq.
Breanna K. Martinez, Esq.
Attorneys for Plaintiff
LUZ GABRIELA AGUAYO

# PROOF OF SERVICE

**Luz Gabriela Aguayo v. Kole Trucking LLC, et al.**
**Los Angeles Superior Court, Case No. 22STCV11136**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 19900 MacArthur Blvd., Suite 1150, Irvine, CA 92612-2445.

On May 6, 2022, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT 28 U.S.C. SECTIONS 1332 AND 1442 (DIVERSITY); AND DECLARATION OF SHAKIRA L. JOHNSON** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of WFBM, LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Irvine, California.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I electronically served a copy of the documents described above from the email address shanley@wfbm.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 6, 2022, at Irvine, California.

Shawn Hanley

Shawn Hanley

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

**SERVICE LIST**
**Luz Gabriela Aguayo v. Kole Trucking LLC, et al.**
**Los Angeles Superior Court, Case No. 22STCV11136**
**Our Client: Kole Trucking LLC**
**Our File No.: 5780-3.6055**

Michael Alder, Esq.
Breanna K. Martinez, Esq.
**ALDERLAW, PC**
12800 Riverside Drive, 2nd Floor
Valley Village, California 91607
Tel.: (310) 275-9131
Fax: (310) 275-9132
cmalder@alderlaw.com
bmartinez@alderlaw.com
*Attornevs for* ***Plaintiff Luz Aauavo***

Sara Martinez, Esq.
**TOFER & ASSOCIATES**
707 Wilshire Blvd., 46th Floor
Los Angeles, California 90017
Tel.: (213) 955-9500
sara@toferlaw.com
*Attorney for* ***Plaintiff Luz Aguayo***

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686